

UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

Tyler Division

Case No. _____

JUN 2 0 2025

Clerk, U.S. District Court
Texas Eastern

6:25 cv 228

| | |
|---|---|
| ANDREA DAVIS<br>*Plaintiff(s)* | ) |
| | ) |
| **-v** | ) Jury Trial: Yes |
| | ) |
| BRENNAN BASSHAM | ) |
| KAELA CARTER | ) |
| LANCE BURDICK | ) |
| WINNSBORO POLICE DEPARTMENT,<br>TEXAS | ) |
| WOOD COUNTY SHERIFFS<br>DEPARTMENT, TEXAS<br>*Defendant(s)* | ) |

## ORIGINAL COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, DECLARATORY, INJUNCTIVE, AND RETROSPECTIVE RELIEF

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

> Name      ANDREA DAVIS
> *Address*   254 PRIVATE ROAD 52000
> County    CAMP COUNTY
> Telephone Number 469-595-5580
> E-Mail Address andreadavis1181@gmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

> Defendant No. 1
> Name BRENNAN BASSHAM
> Job or Title *(if known)* OFFICER
> Address WINNSBORO POLICE DEPARTMENT
> County WOOD COUNTY TEXAS
> Telephone Number
> E-Mail Address *(if known)*

> **IN THEIR Individual capacity**

> Defendant No. 2
> Name KAELA CARTER
> Job or Title *(if known)* OFFICER
> Address WINNSBORO POLICE DEPARTMENT
> County WOOD COUNTY TEXAS
> Telephone Number

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

E-Mail Address *(if known)*

**IN THEIR Individual capacity**

Defendant No. 3
>    Name LANCE BURDICK
>    Job or Title *(if known)* OFFICER
>    Address WINNSBORO POLICE DEPARTMENT
>    County WOOD COUNTY TEXAS
>    Telephone Number
>    E-Mail Address *(if known)*

**IN THEIR Individual capacity**

Defendant No. 4
>    Name WINNSBORO POLICE DEPARTMENT
>    Job or Title *(if known)*
>    Address WINNSBORO, TEXAS
>    County WOOD COUNTY TEXAS
>    Telephone Number
>    E-Mail Address *(if known)*

**IN THEIR Official capacity**

Defendant No. 5
>    Name WOOD COUNTY SHERIFF'S DEPARTMENT
>    Job or Title *(if known)*
>    Address QUITMAN, TEXAS
>    County WOOD COUNTY TEXAS
>    Telephone Number
>    E-Mail Address *(if known)*

**IN THEIR Official capacity**

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

A. Are you bringing suit against *(check all that apply)*:

**State or local officials (a § 1983 claim)**

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by  the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what  federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

- *The **First Amendment**, by retaliating against the plaintiff for engaging in protected speech and expression, including recording public officials and calling 911.*
- *The **Fourth Amendment**, by subjecting the plaintiff to an unreasonable search and seizure and the use of excessive force without probable cause.*
- *The **Fourteenth Amendment**, by depriving the plaintiff of due process and equal protection under the law through arbitrary detention, fabricated charges, and discriminatory treatment.*

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you  are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

*The three officers and the agencies they are employed by, acting under color of law in their official capacity as law enforcement agents, used their authority to deprive me of my constitutional rights. Their conduct—though cloaked in the appearance of legality—was in fact a misuse of power that violated federal civil rights protections and caused serious injury to the plaintiff's body.*

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the  alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include  further details such as the names of other persons involved in the events giving rise to your claims. Do not cite  any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain  statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Winnsboro, Wood County, Texas

B. What date and approximate time did the events giving rise to your claim(s) occur?

06-25-2023 approximately 3am-6am

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

**COUNT I – Violation of the Fourth Amendment (Excessive Force & Unlawful Seizure)**

**(Against Officers Bassham, Carter, and Burdick in their individual capacities)**

1. Plaintiff was a passenger during a routine traffic stop initiated by officers without reasonable suspicion of wrongdoing by the plaintiff.

2. Shortly after initiating the stop, Officer Carter failed to follow protocol by not identifying herself or providing a lawful justification for escalating the interaction. Officer Bassham interfered with the plaintiff's attempts to comply by using his flashlight to obscure visibility of requested documentation.

3. Within less than two minutes, officers opened the driver's door without cause. Officer Bassham brandished a taser within inches of the driver's face and ordered him from the vehicle, escalating the encounter without justification.

4. When the plaintiff attempted to obtain a clearer view of Bassham attempting to search her car on camera, she was forcibly detained and handcuffed without probable cause or a warrant. This action constituted an unlawful seizure in violation of the **First** and **Fourth Amendments** to the United States Constitution.

5. While already restrained, Officer Bassham violently slammed the plaintiff into the front of a police cruiser, causing severe abdominal injury. Plaintiff's spouse, also restrained, was subjected to physical assault by Officer Bassham, including being punched in the kidneys. Officers Carter and/or Burdick stood by and took no action to prevent this use of excessive force.

6. Immediately following the use of excessive force, wherein Officer Bassham slammed the plaintiff into the front of a police cruiser, he shouted at the plaintiff, "YOU'RE NOT GOING TO TELL ME WHAT TO DO," in an aggressive, berating, and demeaning manner. This unprovoked verbal outburst—delivered while the plaintiff was handcuffed and in a vulnerable position—reflects the The municipal court dismissed the citations issued by Officer Carter to the plaintiff's spouse due

to insufficient supporting evidence and procedural irregularities. Specifically, Officer Carter submitted a version of the citation to the court that differed materially from the copy initially provided to the plaintiff's spouse, raising concerns about the integrity and accuracy of the documentation.officer's punitive intent and further exacerbated the emotional trauma endured during the encounter.

7. Officer Burdick later entered the rear of his cruiser and deliberately struck the plaintiff's spouse, who remained handcuffed, with two blows to the throat using his elbow—further demonstrating a pattern of intentional and malicious conduct. At the station, Officers Bassham and Carter were overheard admitting they had no legitimate basis for arrest, but still conspired to find a subsequent charge to the resisting in order to justify plaintiff's unlawful detention.

8. As a result of the officers' conduct—including unreasonable force, arbitrary detention, and failure to intervene—the plaintiff suffered significant physical and psychological trauma, including a formal diagnosis of PTSD and heightened anxiety in the presence of law enforcement.

9. The aforementioned actions were done under color of state law and constitute a violation of the plaintiff's clearly established rights under the Fourth Amendment to the U.S. Constitution.

## COUNT II – Failure to Intervene (Fourth Amendment Violation)

### (Against Officers Bassham, Carter and Burdick in their individual capacities)

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. At all relevant times, Defendants Carter and/or Burdick were present during the use of excessive force by Officer Bassham against the plaintiff and the plaintiff's spouse.

3. At all relevant times, Defendant Bassham was present during the use of excessive force by Officer Burdick against the plaintiff's spouse.

4. Defendants Carter, Burdick and Bassham had both the opportunity and a constitutional duty to intervene in order to prevent the violation of the plaintiff's Fourth Amendment rights.

5. Despite witnessing the unnecessary and violent conduct—including physical assaults on handcuffed individuals and the unlawful escalation of a routine traffic stop—Defendants Carter, Burdick or Bassham took no reasonable action to halt or mitigate the use of excessive force.

6. Their inaction directly contributed to the constitutional violations experienced by the plaintiff and was a proximate cause of the injuries sustained.

## COUNT III – Conspiracy to Violate Civil Rights (42 U.S.C. § 1983 & § 1985)
## (Against Officers Bassham, Carter, and Burdick)

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendants reached a mutual understanding and agreement to justify unlawful conduct through the fabrication or inflation of charges against the plaintiff and their spouse.

3. At the police station, Officers Bassham and Carter were overheard deliberating for an extended period about applying a "subsequent charge," despite admitting on scene that there was no basis for arrest beyond the individuals' demeanor.

4. Defendant Burdick further advanced the conspiracy by engaging in unwarranted use of force and expressing a predetermined intent to ensure someone would be taken into custody, regardless of lawful cause.

5. Additionally, Officer Bassham altered Officer Carter's police report on four separate occasions, each time stating, "the DA is going to want it written this way." He personally delivered each revised document to a notary located down the hallway, while Officer Carter signed none of the versions in the notary's presence. These deliberate actions demonstrate a concerted effort to manipulate official records and manufacture a narrative favorable to prosecution.

6. This coordinated conduct resulted in an intentional deprivation of the plaintiff's constitutional rights, including the right to be free from unreasonable seizure and malicious prosecution.

7. Throughout the incident, officers repeatedly and deliberately disabled the audio function on their body-worn cameras for extended periods of time. This intentional muting of key moments

deprived the record of crucial context and obstructed transparency. The officers' actions demonstrate a coordinated effort to obscure their conduct and prevent the accurate documentation of verbal exchanges, further undermining the integrity of the investigation and violating the plaintiff's right to a full and fair account of events.

8. The conspiracy was carried out under color of state law, in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments.

## COUNT IV – Retaliatory Arrest (First and Fourth Amendment Violations)
## (Against Officers Bassham and Carter)

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Plaintiff engaged in activity protected under the First Amendment, including recording public officials and calling 911 to report perceived misconduct.

3. In direct response to these constitutionally protected actions, Officers Bassham and Carter escalated their use of force and placed the plaintiff's spouse and the plaintiff under arrest without lawful cause.

4. While detained and in handcuffs, the plaintiff placed a second call to 911 in an effort to request a supervisory officer respond to the scene. During this call, the plaintiff was informed that no one higher-ranking than the officers already present—namely, Officers Bassham and Carter—would be dispatched. This refusal to escalate the matter to supervisory oversight contributed to the plaintiff's sense of fear, helplessness, and lack of recourse in the face of ongoing misconduct.

5. Officers' own statements and conduct—particularly their admission that no legitimate basis for arrest existed apart from the individuals' "attitude"—strongly support that the plaintiff was arrested in retaliation for exercising their right to free expression and oversight.

6. At the police station, the officers were engaging in a 30-minute discussion, in front of the plaintiff, about creating a subsequent charge to justify the arrest, despite acknowledging the lack of legal grounds. This alleged effort to manufacture probable cause may support claims of

retaliatory arrest and malicious prosecution, which courts have recognized as constitutional violations when arrests are made in response to protected conduct such as filming or questioning officers.

7.  Immediately after the officers debate, the plaintiff directly asked Officer Bassham whether she was being accused of interfering with public duties. Officer Bassham explicitly responded, "No," thereby affirming there was no legal basis at that moment for such a charge. Despite this, the plaintiff was later booked and processed on charges of Interfering with Public Duties and Resisting Arrest—charges that contradict the officer's own contemporaneous statement.

8.  Further, the plaintiff requested confirmation that the interrogation room was being recorded, as officers removed their body-worn cameras prior to entering. Officers affirmed that the room was equipped with both audio and video surveillance. However, neither Officer Bassham, the other involved officers, nor the Winnsboro Police Department have produced or submitted the interrogation room footage as part of the case file, thereby withholding crucial evidence. This omission raises serious concerns about the transparency and integrity of the investigatory process and supports the plaintiff's claims of retaliatory arrest, fabrication of charges, and due process violations.

9.  Further demonstrating a pattern of targeted conduct, the traffic stop and arrest at issue occurred only two days after a prior encounter involving the same officers. During that earlier incident, a store clerk witnessed what she and the plaintiff's spouse believed to be an effort by the officers to use a civilian to plant an object near the plaintiff's spouse in order to justify an arrest. The clerk disposed of the object before the officers could retrieve it. Additionally, the officers were seen soliciting charges from store clerks, which were declined, and attempting to question the plaintiff immediately upon her arrival at the store later that night—despite no lawful basis.

10. Plaintiff alleges that the rapid escalation during the traffic stop and eventual arrest were part of a broader course of retaliatory and harassing conduct stemming from this earlier failed attempt to manufacture charges.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

11. The retaliatory conduct caused significant harm to the plaintiff, including unlawful detention, reputational damage, emotional distress, and lasting psychological trauma.

**Evidentiary Approximate Timeline of Key Events**

- ~11:00 minutes – While detained, the plaintiff asks why she is not allowed to retain her phones to document the encounter. Officer Bassham responds, *"You could have kept your phone if you kept your cool,"* suggesting that the plaintiff's ability to record was conditioned not on policy or safety, but on perceived compliance with officer demeanor—indicating a retaliatory motive.

- ~12:00 minutes – Officer Bassham misrepresents case law by invoking *Pennsylvania v. Mimms*, stating, *"It is totally legal to open someone's door in a traffic stop without first giving a lawful command."* He then aggressively states, *"Citizens do not get to act that way at all... that is what got you in handcuffs and got him in handcuffs,"* thereby attempting to justify the use of force and the detentions based solely on the individuals' demeanor rather than any unlawful conduct.

- ~16:00 minutes – Officer Burdick arrives on scene and is overheard telling a Franklin County deputy, *"He [Burdick] came all this way, someone is going to jail."* This statement—made before any independent investigation or communication with the plaintiff or plaintiff's spouse—suggests a premeditated intent to arrest, irrespective of the facts on the ground. Neither Burdick nor the Franklin County deputy attempted to engage with the plaintiff or her spouse to understand the situation.

- ~21:00 minutes – Officer Bassham can be heard explaining a self-serving version of events to responding officers. When the plaintiff pleads for him to tell the truth, Bassham responds with a threat: *"Hush BEFORE you end up in the back of the car like him."* This aggressive statement is made while the plaintiff is still in handcuffs and reinforces the retaliatory and punitive nature of the officers' conduct. The Franklin County Deputy left right after this.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

- **Post-handcuffing through physical search** – At no time between the initial handcuffing at approx 4 minutes to the plaintiff's physical search by Officer Carter and then being placed in the back of the cruiser at approximately 31 minutes, was the plaintiff or her spouse clearly informed that they were anything more than being detained. Nor were either provided with a specific explanation of the charges, even though they asked many times. During the search, Officer Carter tucked the plaintiff's shirt into her bra, exposing her body—causing embarrassment and emotional distress. When the plaintiff voiced concern over the humiliating nature of the public exposure during the search, Officer Burdick responded dismissively and in a retaliatory manner, stating, "Y'all's behavior is what's embarrassing." This remark, made while the plaintiff was restrained and vulnerable, demonstrated a punitive attitude and furthered the emotional harm inflicted as a result of the officers' actions.

- **~31:00 minutes** – Officer Bassham intentionally terminated the plaintiff's attempt to record the interaction without obtaining the plaintiff's consent or providing lawful justification, thereby interfering with the plaintiff's ability to document the conduct of public officials engaged in official duties.

- Following the plaintiff's submission of formal complaints to multiple oversight bodies, including but not limited to the Winnsboro Police Department, the Mayor, The Municipal Court and The Sheriff, the Chief of Police and two subordinate officers were permitted to resign from their positions. However, the officers directly involved in the incident—Bassham, Carter, and Burdick—remain employed by the departments and may have since been promoted or elevated in rank, despite the serious allegations raised against them. The Plaintiff was never informed of the outcome of that investigation or any other inquiries conducted into the conduct of the involved officers.

- Additionally, during the plaintiff's independent research, she discovered publicly available information corroborating the store clerk's prior warning: the Winnsboro Police Department has a documented history of misconduct, including a former police captain who pleaded guilty to

planting drugs in civilians' vehicles during traffic stops. This historical pattern of abuse lends further credibility to the plaintiff's claims and supports the assertion that the department has failed to take meaningful corrective action to prevent recurring constitutional violations.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

As a result of the incident, the plaintiff underwent gallbladder removal surgery in August 2024. Additional diagnostic procedures—including gastrointestinal evaluations—were performed in October 2024 and February 2025 to assess damage to the stomach and intestines. The plaintiff has required ongoing treatment from a gastrointestinal specialist for the past two years, with care still continuing at the time of this filing.

Furthermore, due to prolonged and severe vomiting episodes, the plaintiff experienced extensive dental corrosion necessitating full dental reconstruction, which remains an active and incomplete process.

The plaintiff has also been formally diagnosed with post-traumatic stress disorder (PTSD) and has undergone multiple changes in medical treatment and prescription management as a result of the psychological and physiological impact of these events.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

13

Plaintiff respectfully requests that the Court:

1.  Award compensatory damages in the amount of $1,500,000 to account for the physical injuries, emotional distress, medical expenses, loss of enjoyment of life, and trauma suffered as a result of the defendants' actions.

2.  Award punitive damages in the amount of $3,000,000 to punish the defendants for their willful misconduct and deter similar conduct in the future.

3.  Issue declaratory relief stating that the conduct of the defendant officers violated the plaintiff's constitutional rights.

4.  Order injunctive relief requiring the defendant agency to implement or revise policies, practices, or training to prevent future occurrences of similar misconduct.

5.  Award the plaintiff all costs associated with this action, including filing fees, litigation expenses, and any other relief the Court deems just and proper.

6.  Acknowledge that a parallel criminal proceeding is currently ongoing, and accordingly, plaintiff requests that this civil matter be stayed pending the resolution of the related criminal case, to protect the plaintiff's rights and avoid prejudicial overlap.

7.  Plaintiff respectfully requests leave of Court to amend this complaint as necessary to include additional defendants and/or evidentiary material as further facts become known through investigation or discovery.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause  unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have  evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable  opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the  requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be  served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      June 20, 2025

Signature of Plaintiff      *Andrea Davis*

Printed Name of Plaintiff      ANDREA DAVIS